UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GARY T. FRANKLIN,

        Plaintiff,                  Case No. 1:13-cv-1356

v.                                            Honorable Paul L. Maloney

BRETT APELGREN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983 and 1985. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Gary T. Franklin presently is incarcerated at the Muskegon Correctional Facility. He sues the following members of the Kalamazoo County Prosecutor's Office: Chief Prosecutor James Gregart and Assistant Prosecutors Frank Machnik and Gregory W. Russell. In addition, he sues the following members of the City of Kalamazoo Department of Public Safety: Officers Timothy Randall and Brett Apelgren; Detective Joseph Keller; and an unknown evidence custodian named as "John/Jane Doe."

On December 9, 1994, Plaintiff was sentenced to 20 to 40 years imprisonment on each of nine counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.5200b(1)(f). Plaintiff alleges that Defendants committed and conspired to commit a variety of acts that affected the accuracy of evidence and deprived him of a fair trial in his criminal proceedings.

More specifically, Plaintiff complains that Defendant Randall wrote a property receipt for four items removed from Plaintiff's apartment, to which a fifth item, a jar of vaseline, was later added to the receipt, without explanation. Defendant Randall also allegedly mishandled certain biological evidence (i.e., fecal matter on a toothbrush and vaseline), by using certain measures to test for fingerprints that destroyed the DNA, thereby preventing Plaintiff from being able to effectively defend himself. Plaintiff also alleges that Defendant Apelgren, a DNA/Fingerprint Analysis Technician, was part of the conspiracy with Randall to destroy or contaminate the evidence, and that Apelgren improperly was permitted to give expert serology testimony at trial. In addition, Plaintiff alleges that Defendant Keller violated Plaintiff's due process rights by collecting the vaseline jar from another suspect, Robert Weese, and failing to properly identify it, leading to its being mistakenly identified as having been collected from Plaintiff. Keller also allegedly acted as part of

the conspiracy against Plaintiff. In addition, the unknown evidence custodian allegedly failed to preserve evidence and conspired to cover up the evidentiary problems. Finally, Plaintiff alleges that Defendant Prosecutors Gregart, Machnik, and Russell participated in the conspiracy by not properly overseeing the evidence collection, destroying and falsifying evidence, suborning perjury, and withholding exculpatory evidence.

For relief, Plaintiff seeks declaratory and injunctive relief.

## Discussion

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent Plaintiff now seeks declaratory and injunctive relief for alleged violations of his constitutional right to a fair trial, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90

(5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).[1]

All of Plaintiff's claims arise from events predating his convictions and are barred by *Heck*, because those claims either directly challenge Plaintiff's criminal conviction or imply that his conviction is invalid. Plaintiff's allegations that all Defendants conspired to destroy, damage, and withhold evidence and that Defendant prosecutors committed prosecutorial misconduct by suborning perjury all are direct attacks on the validity of his conviction. *See, e.g., Mouton v. Louisiana*, No. 13-30128, 2013 WL 6018986, at *1 (5th Cir. Nov. 14, 2013) (claims of ineffective assistance of counsel, prosecutorial misconduct, trial court error, judicial misconduct, juror misconduct and wrongful incarceration all are barred by *Heck*); *Spuck v. Clearfield Cnty.*, No. 13-2490, 2013 WL 4735057, at *1 (3d Cir. Sept. 4, 2013) (allegations of planting false evidence, destroying evidence, and refusing to turn over evidence are *Heck*-barred); *Baldwin v. O'Connor*, 466 F. App'x 717, 717-18 (10th Cir. 2012) (alledged violations of due process, double jeopardy, illegal search and seizure, and prosecutorial immunity are all barred by *Heck*). In fact, in his complaint, Plaintiff acknowledges that he actually litigated his claims at trial. As a consequence, Plaintiff's claims are barred and must be dismissed under *Heck*.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

---

[1] In addition, because Plaintiff previously filed a habeas corpus action in this Court that was dismissed on the merits, *see Franklin v. Caruso*, No. 2:00-cv-50 (Jan. 30, 2002) (Final Ord.), this Court is not permitted to consider a second or successive habeas petition absent authorization from the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).[2]

A Judgment consistent with this Opinion will be entered.


Dated: January 17, 2014          /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 Chief United States District Judge

---

[2] A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).